NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL S. BASKIN; PAIA PROPERTIES, LLC; SEASHORE PROPERTIES LLC; PAIA BAY PROPERTIES LLC; PAIA PARK, LLC, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> EC PAIA LLC, a Delaware limited liability company, <br><br> Defendant-Appellant, <br><br> and <br><br> JOHN DOES, 1-100; JANE DOES, 1-100; DOE PARTNERSHIPS, 1-100; DOE CORPORATIONS, 1-100; DOE ENTITIES, 1-100, <br><br> Defendants. | No. 22-15883 <br><br> D.C. No. 1:20-cv-00216-WRP <br><br> MEMORANDUM[*] |
| MICHAEL S. BASKIN; PAIA PROPERTIES, LLC; SEASHORE PROPERTIES LLC; PAIA BAY PROPERTIES LLC; PAIA PARK, LLC, <br><br> Plaintiffs-Appellants, | No. 22-16006 <br> 22-16588 <br> 22-16699 <br><br> D.C. No. 1:20-cv-00216-WRP |

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

EC PAIA LLC, a Delaware limited liability
company,

          Defendant-Appellee,

 and

JOHN DOES, 1-100; JANE DOES, 1-100;
DOE PARTNERSHIPS, 1-100; DOE
CORPORATIONS, 1-100; DOE ENTITIES,
1-100,

          Defendants.

Appeal from the United States District Court
for the District of Hawaii
Wes R. Porter, Magistrate Judge, Presiding

Argued and Submitted October 3, 2023
Honolulu, Hawaii

Before: BERZON, MILLER, and VANDYKE, Circuit Judges.

In this cross-appeal, Plaintiffs-Appellants Michael Baskin and his companies ("Plaintiffs") appeal the district court's amended judgment clarifying the grant of judgment on partial findings to Defendant-Appellant EC Paia LLC ("EC Paia"), as well as the district court's grant of costs to EC Paia and the district court's denial of reconsideration for attorneys' fees. EC Paia appeals the district court's grant of summary judgment to Plaintiffs on EC Paia's counterclaims. We affirm in part and reverse in part.

2

1.      Plaintiffs challenge federal jurisdiction over this case. Diversity jurisdiction exists where "an action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000." *Demarest v. HSBC Bank USA*, 920 F.3d 1223, 1226 (9th Cir. 2019) (internal quotation marks omitted). The matter in controversy here, rights to and ownership of commercial and residential property in Maui, exceeds $75,000.

Plaintiffs maintain that federal courts must use the "nerve center" test or the "place of operations test," applicable to determine a corporation's principal place of business, to determine EC Paia's citizenship. But EC Paia is a limited liability company ("LLC"). Although "LLCs resemble both partnerships and corporations," it has long been settled that we treat them "like partnerships for the purposes of diversity jurisdiction." *Johnson v. Columbia Props. Anchorage, LP* 437 F.3d 894, 899 (9th Cir. 2006). So the principal place of business criterion, and therefore the "nerve center" test, is inapplicable in determining the citizenship of EC Paia.

Sam Hirbod is the sole member of Eagle Canyon Capital, LLC, which is the sole member and manager of EC Paia. Sam Hirbod is a citizen of California. EC Paia is therefore a citizen of California. It is uncontested that Plaintiffs are Hawaiian citizens. Complete diversity exists here, and the district court had diversity jurisdiction over this case.

2.      The district court properly granted judgment on partial findings to EC Paia. This Court "reviews the district court's findings of fact for clear error and its legal conclusions de novo." *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (internal quotation marks omitted). Additionally, "[a] trial judge has wide latitude in the admission or exclusion of evidence where the question is one of materiality or relevancy . . . and a decision to exclude evidence will not be disturbed unless there has been an abuse of discretion." *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 773 (9th Cir. 1981).

Plaintiffs maintain that because the district court excluded some evidence concerning the Parking Lot Agreement, they were denied a full opportunity to demonstrate EC Paia's bad faith arising from the Land Agreement. The district court held that because the Plaintiffs did not raise a breach of contract claim arising from the Parking Lot Agreement, the relevance of the Parking Lot Agreement was marginal in a trial concerning only a breach of the Land Agreement. This reasoning, along with the fact that the district court allowed in evidence pertaining to the Parking Lot Agreement on numerous occasions (including, most importantly, the entirety of the Parking Lot Agreement itself), demonstrates that the district court did not abuse its discretion in excluding some evidence concerning the Parking Lot Agreement. *See id.*

The district court also did not err in concluding that EC Paia did not violate

the implied covenant of good faith and fair dealing or the time-is-of-the-essence clause. The district court found that "EC Paia's progress on the development of The Property, *while delayed*, is reasonable and in good faith" (emphasis added). We agree.

The Land Agreement states, "EC Paia shall, at its sole discretion (including as to time and location), transfer to [Plaintiffs] . . . one residential lot . . . and one . . . commercial lot." After signing the Land Agreement, EC Paia (1) hired a project manager, (2) created an advisory team, (3) held meetings with varying state entities to discuss strategy and development, and (4) sought and obtained preliminary subdivision approval. At the time of the trial, EC Paia was still waiting for approval and feedback from government departments and agencies. EC Paia's actions did not have "the effect of injuring the right of [Plaintiffs] to receive the fruits of [the Land Agreement.]" *Universal Sales Corp. v. Cal. Press Mfg. Co.*, 20 Cal. 2d 751, 771 (1942). In fact, the opposite is true: EC Paia's actions demonstrated its intent to develop the Property pursuant to the Land Agreement within a reasonable time frame. It did not breach the implied covenant of good faith and fair dealing or violate the time-is-of-the-essence clause.

Plaintiffs also assert that EC Paia breached the Land Agreement by implied anticipatory repudiation. "A party anticipatorily breaches a contract . . . impliedly by conduct where the promisor puts it out of his power to perform so as to make

5

substantial performance of his promise impossible." *Cnty. of Solano v. Vallejo Redev. Agency*, 75 Cal. App. 4th 1262, 1276 (1999) (internal quotation marks omitted). EC Paia did not "put[] it out of [its] power to perform;" rather, it took steps towards substantial performance. *Id.* Because it remained possible for EC Paia to perform its contractual obligations, it did not breach the Land Agreement by implied anticipatory repudiation.

3.      Plaintiffs appeal the district court's grant of costs to EC Paia. We review a district court's award of costs for abuse of discretion. *Spirit of Aloha Temple v. County of Maui*, 49 F.4th 1180, 1195 (9th Cir. 2022). We affirm.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). EC Paia sought only the costs related to litigating and resolving Plaintiffs' claims, not the costs related to EC Paia's counterclaims. The district court awarded EC Paia $7,401 in taxable costs after conducting a reasoned review of EC Paia's request for $13,132. The court did not abuse its discretion in awarding these costs to EC Paia. *See Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).

4.      Finally, Plaintiffs appeal the district court's denial of reconsideration as to entitlement to attorneys' fees. Plaintiffs did not appeal the district court's order partially granting EC Paia's motion for attorneys' fees. "Where no notice of

6

appeal from a post-judgment order awarding attorneys' fees is filed, the court of appeals lacks jurisdiction to review the order." *Culinary and Serv. Empls. Union, AFL-CIO Local 555 v. Haw. Emp. Ben. Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982). Because "[w]e do not have jurisdiction to review the propriety of this order," we do not decide whether EC Paia is entitled to attorneys' fees or whether the district court abused its discretion in determining the amount of attorneys' fees to which EC Paia is entitled. *Id.*

5.      EC Paia appeals the district court's grant of summary judgment to Plaintiffs on EC Paia's counterclaims. This Court reviews the district court's summary judgment decision *de novo*, and, viewing the evidence in the light most favorable to the nonmoving party, determines if there is a genuine issue of material fact and "whether the substantive law has been applied correctly." *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 730 (9th Cir. 1986). We reverse.

The district court erred in granting summary judgment to Plaintiffs on EC Paia's counterclaims. First, the district court erroneously found EC Paia's negligent misrepresentation claim barred by the general release of claims and waiver clauses in the Land Agreement. California Civil Code Section 1668 provides that "[a]ll contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are

7

against the policy of the law." Cal. Civ. Code § 1668. California "case law has long held that negligent misrepresentation is included within the definition of fraud." *Blankenheim v. E.F. Hutton & Co.*, 217 Cal. App. 3d 1463, 1472–73 (1990). *See also, e.g.*, *Gagne v. Bertran*, 43 Cal. 2d 481, 487–88 (1954); *Balfour, Guthrie & Co. v. Hansen*, 227 Cal App. 2d 173, 192 (1964). Section 1668 therefore applies to EC Paia's negligent misrepresentation claim. The general release and waiver clauses of the Land Agreement are not enforceable with respect to EC Paia's negligent misrepresentation claim.

Second, the district court incorrectly found that EC Paia's intentional misrepresentation tort claim (governed by Hawaii law) was rooted only in "future events and predictions" and so could "not constitute material statements of fact." *Baskin v. EC Paia LLC*, No. CV 20-00216 WRP, 2022 WL 2155200, at *6 (D. Haw. Apr. 13, 2022). *See also Stahl v. Balsara*, 60 Haw. 144, 149 (1978) (applying the rule that "an actionable representation cannot consist of mere broken promises, unfulfilled predictions or expectations, or erroneous conjectures as to future events" (internal quotation marks omitted)). The district court correctly noted that EC Paia's counterclaim alleged that Plaintiffs "misrepresented the prospective value of the property, his ability to get permits and entitlements approved by the County and its Planning Department, and the speed at which these permits and entitlements could be secured." *Baskin*, 2022 WL 2155200, at *6. But EC Paia's

8

counterclaim also alleged that Plaintiffs made other misrepresentations, not forward-looking in nature. EC Paia alleged Plaintiffs misrepresented that there was a backup offer; that Plaintiffs had already spent more than one million dollars on due diligence; and that there was a then-current state of "existing entitlement rights." Each of these allegations, if substantiated, referred to "material fact[s] which [were allegedly] actually false." *Peine v. Murphy*, 46 Haw. 233, 238 (1962). EC Paia therefore alleged an actionable intentional misrepresentation claim.

Finally, the district court erred in concluding that there was no genuine issue of material fact as to whether EC Paia "actually relied on Baskin's representations . . . when entering into the Land Agreement." *Baskin*, 2022 WL 2155200, at *7. "A genuine issue of material fact arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003) (internal quotation marks omitted). Under Hawaii law, "relevant circumstantial considerations" in determining whether one party justifiably relied on another party's alleged misrepresentation include "the parties' (1) relative knowledge of the facts available, (2) opportunity to investigate the facts, and (3) prior business experience." *Honolulu Disposal Serv. Inc. v. Am. Ben. Plan Adm'rs, Inc.*, 433 F.Supp. 2d 1181, 1191 (D. Haw. 2006) (internal quotation marks omitted). In his declaration, Sam Hirbod stated that the "Investor Letter included several

9

representations that I found compelling and on which I relied." EC Paia asserts that it relied on Plaintiffs' representations because of Baskin's expressed specialized knowledge of and access to property development expertise on Maui, as well as the short time frame that EC Paia had to conduct its own due diligence. These assertions, if substantiated, are "such that a reasonable jury could return a verdict for [EC Paia]." *Thrifty Oil*, 322 F.3d at 1046. Summary judgment was not appropriate on the issue of justifiable reliance.

For these reasons, the district court erred in granting summary judgment to Plaintiffs on EC Paia's counterclaims. Fed. R. Civ. P. 56(a).

**AFFIRMED in part; REVERSED in part; and REMANDED.**